**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:09cr100**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| ROBIN KNIGHT SMITH. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Order Requiring Government to Elect Counts [Doc. 21] and the Defendant's Motion to Dismiss Counts One, Two, Four and Six [Doc. 23].

**I.     BACKGROUND**

The Defendant is charged in a six-count Superseding Bill of Indictment with making false statements, in violation of 18 U.S.C. §§ 1001(a) and 1920. [Doc. 13]. Specifically, the Superseding Bill of Indictment charges that on or about August 25, 2009, the Defendant falsely stated during an interview with federal agents that "she always wore a doctor-prescribed medical 'boot' and that she used a wheelchair or stroller during store trips" (Count One), and that "she could not sit for long periods

of time without experiencing significant pain" (Count Two), in violation of 18 U.S.C. § 1001(a)(2). [Id. at 1-2]. It is further charged that on or about the same date and during the same interview, the Defendant submitted a "Current Medical Assessment Evaluation" containing false statements about the existence and extent of physical restrictions caused by a work accident. The Government charges that the submission of this evaluation constitutes a violation of both 18 U.S.C. § 1001(a)(3) (Count Four) and 18 U.S.C. § 1920 (Count Six). [Id. at 2, 3]. It is also charged that on or about May 26, 2009, the Defendant submitted a "Duty Status Report" containing falsehoods and misrepresentations about the existence and extent of her physical restrictions that she had made to her health care providers. The Government charges that the submission of this report constitutes a violation of both 18 U.S.C. § 1001(a)(3) (Count Three) and 18 U.S.C. § 1920 (Count Five). [Id.].

The Defendant now moves to dismiss the § 1001 counts set forth in the Superseding Bill of Indictment.[1] For grounds, the Defendant argues

---

[1] In her motion, the Defendant seeks the dismissal of "Counts One, Two, Four and Six." [Doc. 23 at 1]. Count Six, however, charges a violation of 18 U.S.C. § 1920. The Court will presume that the Defendant in fact is seeking to dismiss Counts One, Two, *Three* and Four, as these four counts allege various violations of 18 U.S.C. § 1001.

2

that 18 U.S.C. § 1001 does not apply to alleged false statements that are subject to prosecution under 18 U.S.C. § 1920. [Doc. 23]. Alternatively, the Defendant moves the Court for an Order requiring the Government to elect one count from Counts One, Two, Four, and Six (the August 25, 2009 counts), and to elect between Counts Three and Five (the May 25, 2009 counts), on the ground that convictions on each count would be multiplicitous and would violate the Double Jeopardy Clause of the Fifth Amendment. [Doc. 21]. The Government opposes the Defendant's Motion to Elect Counts, arguing that each offense charged is distinct; however, the Government states that if it is required to choose between Counts Three and Five and between Counts Four and Six, it would elect to pursue only the § 1920 counts (Counts Five and Six). [Doc. 22].[2]

II. ANALYSIS

A. Motion to Dismiss

In <u>United States v. Batchelder</u>, the Supreme Court held that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of

---

[2]The Government did not file a response to the Defendant's Motion to Dismiss.

defendants." 442 U.S. 114, 123-24, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). [I]t is not enough to show that the statutes produce differing results when applied to the same factual situation. Rather, the legislative intent to repeal must be manifest in the positive repugnancy between the provisions." Id. at 122, 99 S.Ct. 2198 (citations and internal quotation marks omitted).

In arguing that the Government is precluded from prosecuting her under both § 1920 and § 1001 for making allegedly false statements, the Defendant relies upon United States v. Richardson, 8 F.3d 15 (9th Cir. 1993). In that case, the Ninth Circuit Court of Appeals held that Congress explicitly intended for § 1920 to preempt § 1001 to the extent that the latter applied to false statements regarding federal workers' compensation benefits:

> Congress clearly intended that section 1001 be limited by section 1920. Section 1920 was passed as part of FECA, a comprehensive statutory scheme establishing government employees' compensation benefits. Section 41 of FECA expressly repealed all acts – or parts of acts – that were inconsistent with FECA . . . . In 1916, the year in which FECA was enacted, section 1001 had been in existence for at least 40 years. Section 1001 was "inconsistent" with section 1920 to the extent that the former made false statements relating to the federal employees' compensation context felonies, while the latter made all such false statements misdemeanors. Section 1920 expressly provides that acts of the type here

4

> involved shall be punished by "no more" than $2,000 and a one-year prison term. Accordingly, section 1001 is partially inconsistent with section 1920 and is preempted to the extent that it applies to false statements regarding federal employees' compensation affidavits, reports, or claims.

Richardson, 8 F.3d at 17 (citations and footnote omitted).

In 1994, the year following the Richardson decision, Congress amended § 1920 to increase the maximum penalty provisions from "no more" than a fine of $2,000 and a one-year prison term to a fine of $250,000 and a five-year prison term. See Pub. L. No. 103-333, § 101(b)(1), 108 Stat. 2547. As a result of this amendment, § 1920 "now closely resembles § 1001." United States v. Fitzgerald, 147 F.3d 1101, 1103 (9th Cir. 1998).

Due to the subsequent amendment of § 1920, the inconsistency between these two statutory provisions, as found by the Richardson court, no longer exists; both statutes now provide similar penalties for making false statements to the Government. As such, the Court must conclude that the holding of Richardson no longer represents an accurate statement of the law.

Finding no "positive repugnancy" between the current versions of § 1920 and § 1001, see Batchelder, 442 U.S. at 122, 99 S.Ct. 2198, the

5

Court will deny the Defendant's Motion to Dismiss the § 1001 counts set forth in the Superseding Bill of Indictment.

**B.     Motion to Elect Counts**

An indictment that charges a single offense in several different counts is multiplicitous and subjects a defendant to a risk of multiple sentences for a single offense in violation of the Double Jeopardy Clause. See United States v. Goodine, 400 F.3d 202, 207 (4th Cir. 2005). In determining whether multiple counts charged under two different criminal statutes are unlawfully multiplicitous, the Court employs the test set forth in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 206 (1932), which states that "where the same act of transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304, 52 S.Ct. 180. In applying the Blockburger test, the Court looks to the plain meaning of the statutory language at issue. See Rutledge v. United States, 517 U.S. 292, 300, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996).

Section § 1001(a) provides, in pertinent part, as follows:

> Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the

> executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully –
>
> \* \* \*
>
> (2) makes any materially false, fictitious, or fraudulent statement or representation; or
>
> (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
>
> shall be fined under this title, imprisoned for not more than 5 years or . . . both.

18 U.S.C. § 1001(a) (2000 & Supp. 2010). Section 1920, in turn, provides as follows:

> Whoever knowingly and willfully falsifies, conceals, or covers up a material fact, or makes a false, fictitious, or fraudulent statement or representation, or makes or uses a false statement or report knowing the same to contain any false, fictitious, or fraudulent statement or entry in connection with the application for or receipt of compensation or other benefit or payment under subchapter I or III of chapter 81 of title 5 [Federal Workers' Compensation Programs], shall be guilty of perjury, and on conviction thereof shall be punished by a fine under this title, or by imprisonment for not more than 5 years, or both; but if the amount of the benefits obtained does not exceed $1,000, such person shall be punished by a fine under this title, or by imprisonment for not more than 1 year, or both.

18 U.S.C. § 1920 (2000).

In order to prove a violation of 18 U.S.C. § 1001(a), the Government must show: (1) that the defendant made a false statement; (2) that the statement was made in a matter within the jurisdiction of a department or agency of the United States; (3) that the statement was regarding a material fact; and (4) that the statement was made with fraudulent intent. See United States v. Seay, 718 F.2d 1279, 1284 (4th Cir. 1983).

In order to prove a violation of 18 U.S.C. § 1920, the Government must show: (1) that the defendant knowingly and willfully made a false statement or report to the Department of Labor, Office of Workers' Compensation Programs; (2) that the false statement or report was made in connection with an application for, or receipt of, Federal Workers' Compensation Benefits; and (3) that the false statement or report related to a material fact. See United States v. Harms, 442 F.3d 367, 372-73 (5th Cir. 2006); Eleventh Circuit Pattern Jury Instructions, Criminal § 65 (2003).

### 1. Multiplicity of August 25, 2009 Counts

The Defendant first moves the Court to require the Government to elect one count from Counts One, Two, Four, and Six, on the grounds that a conviction on more than one of these counts would violate the Double Jeopardy Clause.

Counts One and Two of the Superseding Bill of Indictment involve two different oral misrepresentations that the Defendant allegedly made to law enforcement officers during her August 25, 2009 interview. Each count relates to a distinct false statement, and thus requires the Government to prove a different element, i.e., the specific false statement that the Defendant allegedly made, for each offense. The Double Jeopardy Clause is not violated where the acts alleged are separate and distinct from one other. Blockburger, 284 U.S. at 304, 52 S.Ct. 180; see also United States v. Segall, 833 F.2d 144, 146 (9th Cir. 1987) ("each nonidentical false statement made or document prepared or used may be charged as a separate violation of section 1001"); United States v. Jameson, Nos. 91-5848, 91-5849, 91-5876, 1992 WL 180146, at *9 (4th Cir. July 29, 1992) (citing Segall with approval). Because Count One and Count Two each involve proving a different fact – that is, the distinct false statements made by the Defendant – these counts are not multiplicitous.

While Counts Four and Six also arise from the Defendant's conduct on August 25, 2009, these Counts involve different conduct than that alleged in Counts One and Two. Counts One and Two involve the Defendant's oral misrepresentation to federal agents, while Count Four and

Count Six involve the Defendant's allegedly false written statements made in the Current Medical Assessment Evaluation. Because Counts Four and Six involve different conduct and different criminal statutes and will require the Government to present evidence different from that presented for Counts One and Two, the Court will not dismiss these Counts as multiplicitous.

### 2. Multiplicity of § 1001(a) and § 1920 Counts

The Defendant also moves the Court to require the Government to elect between Counts Three and Five and between Counts Four and Six, as these Counts respectively charge the Defendant with violations of both § 1001(a) and § 1920 for the same conduct, i.e., the submission of an allegedly false Duty Status Report on May 26, 2009, and the submission of an allegedly false Current Medical Assessment Evaluation on August 25, 2009.

As previously noted, § 1920 in its current form closely resembles § 1001(a), as both statutes prohibit falsifying, concealing, or covering up a material fact and making a false written statement. See Fitzgerald, 147 F.3d at 1103 ("Section 1920 now closely resembles § 1001 . . . . That being so, the reasoning in . . . cases under § 1001 logically applies to . . . cases

under the present version of § 1920."); see also United States v. Henry, 164 F.3d 1304, 1308 n.2 (10th Cir. 1999) (citing Fitzgerald with approval). Applying the Blockburger test to these two statutes, the Court notes that § 1920 contains an additional element for the Government to prove beyond a reasonable doubt, namely, that the defendant made a false statement in connection with the application for or receipt of compensation or other benefit.[3] This "falsely obtained benefit" element is not required to prove a violation of § 1001(a). By contrast, however, § 1001(a) does not require proof of any element beyond that which is required to establish a § 1920 violation. As such, the Court concludes that Counts Three and Five and Counts Four and Six of the Superseding Bill of Indictment, which respectively charge the Defendant with violations of both § 1001(a) and § 1920 for the same conduct, are multiplicitous.

Having determined that Counts Three and Five and that Counts Four and Six, respectively, are multiplicitous, the Court in its discretion will require the Government to elect between these Counts before trial. See United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997).

---

[3]The dollar amount of the falsely obtained benefit is not a substantive element of § 1920. See Henry, 164 F.3d at 1307; United States v. Grillo, 160 F.3d 149, 150 (2d Cir. 1998).

**III. ORDER**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss Counts One, Two, Four and Six [Doc. 23] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Order Requiring Government to Elect Counts [Doc. 21] is **ALLOWED IN PART** as to Counts Three and Five and as to Counts Four and Six, respectively. In all other respects, the Defendant's Motion [Doc. 21] is **DENIED**. The Government shall file an appropriate pleading indicating which counts it elects to pursue at trial and dismissing the multiplicitous counts within ten (10) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: July 12, 2010

Martin Reidinger
United States District Judge