# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:09cr100

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| ROBIN KNIGHT SMITH. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss Counts Five and Six as Sanction for Government's Failure to Comply with the Court's Order [Doc. 27].

The Defendant was charged in a six-count Superseding Bill of Indictment with making false statements, in violation of 18 U.S.C. §§ 1001(a)(2), 1001(a)(3), and 1920. [Doc. 13]. Relevant to the present motion, the Superseding Bill of Indictment charged that on or about August 25, 2009, the Defendant falsely stated during an interview with federal agents the Defendant submitted a "Current Medical Assessment Evaluation" containing false statements about the existence and extent of physical restrictions caused by a work accident. The Government charged that the submission of this evaluation constituted a violation of both 18

U.S.C. § 1001(a)(3) (Count Four) and 18 U.S.C. § 1920 (Count Six). [Id. at 2, 3]. It was also charged that on or about May 26, 2009, the Defendant submitted a "Duty Status Report" containing falsehoods and misrepresentations about the existence and extent of her physical restrictions that she had made to her health care providers. The Government charged that the submission of this report constituted a violation of both 18 U.S.C. § 1001(a)(3) (Count Three) and 18 U.S.C. § 1920 (Count Five). [Id.].

The Defendant moved the Court for an Order requiring the Government to elect between Three and Five (the May 25, 2009 counts) and Counts Four and Six (the August 25, 2009 counts) on the ground that convictions on each count would be multiplicitous and would violate the Double Jeopardy Clause of the Fifth Amendment. [Doc. 21]. The Government opposed the Defendant's Motion to Elect Counts, arguing that each offense charged is distinct; however, the Government stated that if it were required to choose between Counts Three and Five and between Counts Four and Six, it would elect to pursue only the § 1920 counts (Counts Five and Six). [Doc. 22].

On July 12, 2010, the Court entered an Order granting the Defendant's motion with respect to Counts Three through Six and ordering the Government to "file an appropriate pleading indicating which counts it elects to pursue at trial and dismissing the multiplicitous counts within ten (10) days of the entry of this Order." [Doc. 26]. The Government, however, failed to comply with the Court's Order. Accordingly, on August 4, 2010, the Defendant filed the present motion, seeking dismissal of Counts Five and Six as a sanction for the Government's failure to comply with the directives of the Court. [Doc. 27]. While the Government failed to file a response to the Defendant's motion within the time required by LCrR47.1(E), on August 18, 2010, the Grand Jury returned a Second Superseding Bill of Indictment against the Defendant, charging her with the violations of 18 U.S.C. § 1920 that previously were charged as Counts Five and Six, but omitting the charges under 18 U.S.C. § 1001(a)(3) that previously were charged as Counts Three and Four. [See Doc. 28].

As a Superseding Bill of Indictment now has been filed eliminating the multiplicitous counts, the Court finds the Defendant's motion for sanctions to be moot. While the Court will not impose sanctions on the Government for failing to comply with the Court's prior Order, the

Government is admonished to comply with the Court's Orders in a timely manner in the future. The Government is further admonished that it is obligated to respond to all potentially dispositive defense motions filed in a criminal case. See LcrR 47.1(D). Failure to respond timely to such motions may result in a waiver of opposition to the relief sought.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss Counts Five and Six as Sanction for Government's Failure to Comply with the Court's Order [Doc. 27] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: August 20, 2010

Martin Reidinger
United States District Judge