IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:09cr100

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ROBIN KNIGHT SMITH and | ) | |
| CHARLES PHILLIP SMITH. | ) | |

**THIS MATTER** is before the Court on Defendant Robin Smith's Motion to Present Witness Testimony via Videoconferencing [Doc. 41]. Co-Defendant Charles Smith has joined in the motion [Doc. 49].

The Defendants seek to present the testimony of Dr. John W. Ellis, M.D., who resides in Oklahoma City, Oklahoma, by videoconference. As grounds for the motion, the Defendants cite the high cost of bringing Dr. Ellis from Oklahoma to North Carolina and the fact that the exact timing of his testimony is unknown. Because the Defendant Robin Smith has received court-appointed counsel, the cost of transportation and hotel accommodations must be borne by the taxpayers and the travel arrangement must be made by

1

the United States Marshal. Defense counsel are aware that special provisions must be made for the swearing in of the witness in Oklahoma and are willing to insure that all necessary provisions for videoconferencing equipment are in place and in working order in the courtroom both here and in Oklahoma. It is also noteworthy that both Defendants specifically waive their constitutional right to confrontation of the witness in person.

The Government opposes the request, making the conclusory statement that because the witness will not actually be in the courtroom here, his testimony will be hearsay and no exception to the hearsay rule has been established. Specifically, the Government argues that the witness is not unavailable as required by Federal Rule of Evidence 804 for an exception to the hearsay rule. The Government has not explained in what manner the live testimony of a witness presented via videoconferencing is hearsay. Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement, other than one made by a declarant while *testifying at the trial* or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c) (emphasis added). Since the proposed testimony by Dr. Ellis is to be offered "at the trial" of this matter, his testimony is not hearsay. The Government provides no authority to the contrary.

Federal Rule of Criminal Procedure 26 requires that "[i]n every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules adopted under 28 U.S.C. §§2071-2077." Fed.R.Crim.P. 26. The Defendants have waived their constitutional rights to confrontation of this witness and the Government has no such right. Nonetheless,

> [t]here is no provision in the Federal Rules of Criminal Procedure for video testimony. When an amendment to Rule 26 was proposed, the Supreme Court objected since the amendment "would not limit the use of remote testimony to 'instances where there has been a "case-specific finding" that it is "necessary to further an important public policy"'" in accord with Supreme Court precedent. Unlike the Criminal Rules, the Federal Rules of Civil Procedure were amended to allow video testimony in civil proceedings "[f]or good cause in compelling circumstances and with appropriate safeguards." Fed.R.Civ.P. 43(a).

United States v. Guild, 2008 WL 191184, **3 (E.D.Va. 2008), *quoting* United States v. Yates, 438 F.3d 1307, 1314-15 (11th Cir. 2006) (citing Order of the Supreme Court, 207 F.R.D. 89, 93 (2002)).

Although there is a clear preference for live testimony in criminal cases, the Supreme Court has noted that preference "must occasionally give way to considerations of public policy and the necessities of the case." Maryland v. Craig, 497 U.S. 836, 849, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990). Like the Court in Guild, this Court notes that Federal Rule of Civil Procedure 43(a)

3

provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed.R.Civ.P. 43(a). Indeed, the Supreme Court has upheld the use of videoconferencing of witnesses testifying *against* the defendant in cases involving child and rape victims. Maryland v. Craig, supra.

The Defendants here report that Dr. Ellis will lose approximately $20,000 per diem in income if he is forced to travel to North Carolina. They have also shown the significant expense his transportation will cost the taxpayers, an expense which will be completely avoided by live videoconferencing. The Court notes that during the January term of court, the United States Marshal will be forced to use the full extent of resources due to the heavy criminal calendar. Travel arrangements for this witness would further unnecessarily burden that agency. As in Guild, these are compelling circumstances.

Defense counsel stand ready to make arrangements for the live videoconferencing and the Court will impose certain requirements. Dr. Ellis' testimony must be provided at a federal courthouse in Oklahoma and he must be sworn as a witness by a deputy clerk of court in that District who must

4

remain in the room with him at all times during the testimony. The Defendants are entirely responsible for implementing the videoconferencing technology at that location and "for ensuring that appropriate safeguards are in place to protect the sanctity of the criminal proceedings." Guild, 2008 WL 191184 at **4. Likewise, defense counsel are to make all necessary arrangements for such videoconferencing in this Court. The Defendants are placed on notice that any difficulties experienced in the technology at either location are borne at their own risk.

**IT IS, THEREFORE, ORDERED** that Defendant Robin Smith's Motion to Present Witness Testimony via Videoconferencing [Doc. 41], which is joined in by Defendant Charles Smith [Doc. 49] is hereby **GRANTED** pursuant to the conditions prescribed herein.

Signed: December 16, 2010

Martin Reidinger
United States District Judge